## S97Y0779. IN THE MATTER OF PETER J. QUIST.
### (483 SE2d 569)

PER CURIAM.

In this disciplinary matter, the State Bar seeks an order disbarring Peter J. Quist for his violations of Standards 4 (engaging in professional conduct involving dishonesty, fraud, deceit and wilful misrepresentation); 65 (A) (commingling personal and client funds); 65 (D) (failing to maintain and properly administer trust accounts) of Bar Rule 4-102 (d). We agree with the State Bar, the special master, and the review panel that disbarment is the appropriate sanction in this case.

On July 1, 1996, on the motion of the State Bar, this Court imposed an emergency suspension of Quist's license to practice law in this state. *In the Matter of Peter J. Quist*, 266 Ga. 898 (475 SE2d 910) (1996). Thereafter, the State Bar filed a formal complaint charging Quist with the above violations of Bar Rule 4-102 (d). Although Quist acknowledged service of the complaint, he failed to file an answer, and, accordingly, is deemed to have admitted the facts and violations alleged in the complaint. Bar Rule 4-212 (a). The special master properly found the following facts on Quist's default. In connection with his representation of his clients, owners of a corporation, Quist filed a Chapter 11 bankruptcy proceeding on behalf of the corporation. Contrary to the Bankruptcy Court's order in the case, Quist kept the retainer given him by his clients for his own personal use, without first obtaining the court's permission. In addition, Quist demanded his clients pay him additional fees, above the initial agreement, without first obtaining court approval. When the Bankruptcy Court, following the Bankruptcy Trustee's motion for sanctions, ordered Quist to disgorge the retainer he had received from the clients, Quist delivered a check to the Trustee for the appropriate amount, on an account entitled an escrow account in the name of the firm of which he was a member, although the account was one Quist had established for his own personal use. The check to the Trustee was returned for insufficient funds.

Regarding the account Quist established under the name of his law firm, the special master properly found that the firm did not authorize the account, and had no knowledge of the account until informed by the Bankruptcy Trustee. In addition, although the account was denominated an escrow account, Quist wrote numerous checks for his and his wife's personal benefit. A significant number of those checks were returned for insufficient funds.

We agree with the special master and the unanimous review panel, that Quist's conduct violates Standards 4, 65 (A), and 65 (D) of Bar Rule 4-102 (d). We also agree that disbarment is the appropriate sanction in this case. See ABA Standards for Imposing Lawyer Sanc-

tions (1991), Standards 4.11 and 5.11 (b), noting that disbarment is generally appropriate where, as here, a lawyer knowingly converts client property, causing injury or potential injury to a client, and where a lawyer engages in intentional conduct involving dishonesty, fraud, deceit or misrepresentation that seriously reflects on the lawyer's fitness to practice. In addition, we agree with the special master that the aggravating factors in this case, that Quist has substantial experience in the practice of law, that his conduct indicates a bad faith obstruction of the disciplinary proceeding against him, and that he has refused to acknowledge the wrongful nature of his conduct, all militate toward disbarment. See ABA Standard 9.22 (e), (g), and (I).

For the above reasons, Peter J. Quist is disbarred from the practice of law in this state. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED APRIL 14, 1997.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.